IN THE UNITED STATES DISTRICT
FOR THE SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x        14-CR-00460

UNITED STATES OF AMERICA,                          :
                                                                              :        Notice of Lien and
                                                                              :        Memorandum of Law
v.                                                                                :
                                                                              :
BNP PARIBAS, S.A.,                                        :
                                                                              :
Defendants                                                      :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


**NOTICE OF LIEN AND MEMORANDUM OF LAW**

Marilyn Wiederspan, by and through undersigned counsel, respectfully requests that this court accept filing of this lien and as grounds thereof states as follows:

1. Marilyn Wiederspan, ("Wiederspan"), a United States Citizen, has a judgment against the Republic of Cuba ("Cuba"). Her judgment against Cuba is for the extra judicial torture and assassination of her father. The United States of America (U.S.A) filed numerous documents in this matter which allege BNP Paribas', S.A's. ("Paribas") unlawful actions and business dealings with the Republic of Cuba.

2. Paribas is scheduled to forfeit to USA approximately $1.7 Billion U.S Dollars due to its unlawful dealings with Cuba. There is reason to believe that a substantial portion of these monies, if not the complete forfeiture amount, is actually funds which belonged to the government of Cuba. See USA v Paribas Information and Statement of Facts, attached as Exhibit "A".

3. The "Wiederspan" judgment was issued by a Florida state court. The documents relating to such judgment are attached hereto as composite Exhibit "B". The judgment is in the amount of Sixty Three Million Six Hundred Thirty Thousand Five Hundred Thirty Four Dollars and 37/100 ($63,630,534.37) together with 4.570% post judgment interest as of January 11, 2012.

4. Mrs. Wiederspan has recently filed a complaint to domesticate the judgment in the Southern District of South Florida ("SDSF") Enclosed as Exhibit "C" is proof of filing in SDSF Wiederspan also intends to file by February 3,2015, a complaint to domesticate the judgment in the Southern District of New York (SDNY).

5. Wiederspan has become aware through public records that Paribas has agreed to settle with USA and has deposited approximately ($8,900,000,000.00) Eight Billion Nine Hundred Million U.S Dollars in the United States Treasury suspense account.

6. To the extent that title to this money has not yet vested in the United States, and that clear title will not vest until Sentencing, February 3, 2015, Mrs. Wiederspan notifies this Court and all parties with interest in such monies, that she has a judgment lien against the Republic of Cuba. And claims an interest to the proceeds that were deposited in the U.S Treasury suspense account. See Federal Consent Order in USA v. Paribas BPP, 14 CR 460, attached hereto and made a part hereof as Exhibit "D". It is our understanding that the sentencing might be adjourned until April 15, 2015.

7. Mrs. Wiederspan creates this lien under 28 U.S Code 3201. The lien is based on the Florida Court judgment attached hereto. <u>Wiederspan v. Cuba et al</u>. 10-34487 CA 23, 11th Judicial Circuit Court, Miami-Dade County, Florida.

8. Wiederspan, is attempting to comply with all federal and State of New York requirements regarding registration and domestication of the Florida State court judgment. Title 21 U.S.C. § 853 (n)(1) and (2) set forth the procedure for asserting, in an ancillary proceeding, a third-party claim with respect to property subject to a criminal order of forfeiture:

> (1) Following the entry of an order of forfeiture under this section, the United States shall publish notice of the order and of its intent to dispose of the property in such manner as the attorney General may direct. The government may also, to extent practicable, provide direct written notice to any person known to have alleged an interest in the *180 property that is the subject of the order of forfeiture as a substitute for published notice as to those persons so notified. (2) Any person, other than the defendant, asserting, a legal interest in property which has been ordered forfeited to the United States pursuant to this section may, within thirty days of the final publication of notice or his receipt of notice under paragraph (1), whichever is earlier, petition the court for a hearing to adjudicate the validity of his alleged interest in the property….
>
> 21 U.S.C. § 853 (n) (1), (2); DSI Associates LLC V.V.S., 496 F.3d 175 (2nd Cir 2007).

9. In accordance with 21 U.S.C. § 853 (n) (1), Wiederspan is willing to petition the court for a hearing to adjudicate the validity of her alleged interest in the funds. However, an ancillary proceeding has not been initiated and Mrs. Wiederspan doubts that a petition would be required at this point in the proceedings.

10. The New York Code does clarify a judgment creditor's rights in personal property. N.Y.CVP.LAW §5202. In section (a) Execution of Creditor's Rights, it indicates that,

> (A) "Where a judgment creditor has delivered an execution to a sheriff, the judgment creditor's rights in a debt owed to the judgment debtor or in an interest of the judgment debtor in personal property, against which debt or property the judgment may be enforced, are superior to the extent of the amount of the execution to the rights of any transferee of the debt or property."

11. If required by this court, the judgment creditor, Wiederspan, intends to deliver an execution to a sheriff, to formally continue to assert her rights and interest in the personal property in question namely, the monies in the Department of Treasury suspense account. Wiederspan is also familiar with N.Y Civil Prac. L & R. 5223, which allows judgment creditors to,

>   (B) "At any time before a judgment is satisfied or vacated, the judgment creditor may compel disclosure of all matter relevant to the satisfaction of the judgment, by serving upon any person a subpoena, which shall specify all of the parties to the action, the date of the judgment, the court in which it was entered, the amount of the judgment and the amount then due thereon, and shall State that false swearing or failure to comply with the subpoena is punishable as a contempt of court. N.Y. Civil. Prac. L. & R. 5223."

12. The lien created by this notice attaches to any cause of action of the Republic of Cuba and related entities, and their original rights and interest to the money or property under any judgment subsequently procured in this action or proceeding.

13. No compromise, dismissal, settlement, or satisfaction of this action or proceeding or any of the rights of the Republic of Cuba and related entities to money or property under any judgment procured in this action or proceeding may be entered into by or on behalf of that person, and that person may not enforce any rights to the money or property under any judgment procured in this action or proceeding by a writ or otherwise, unless one of the following requirements is satisfied:

   (A) The prior approval by order of the court in this action or proceeding has been obtained;

   (B) The written consent of the judgment creditor has been obtained or that person has released the lien; or

(C) The money judgment of Marilyn Wiederspan is satisfied.

/s William J. Sanchez

**William J. Sanchez Esq.**
**William J. Sanchez P.A.**
12600 SW 120 Street, Suite 102
Miami Florida 33186
PH: 305.232.8889
FAX: 305.232.8819
William@wsanchezlaw.com
