UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| - v. - | :    14 Cr. 460 (LGS) |
| BNP PARIBAS, S.A., | : |
| Defendant. | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**GOVERNMENT'S MEMORANDUM IN SUPPORT OF
THE COURT'S SENTENCING OF BNP PARIBAS S.A.**

| | |
|---|---|
| PREET BHARARA<br>United States Attorney | LESLIE CALDWELL<br>Assistant Attorney General<br>Criminal Division |
| Andrew D. Goldstein<br>Martin S. Bell<br>Christine I. Magdo<br>Micah W. J. Smith<br>Assistant United States Attorneys<br>  -Of Counsel- | M. KENDALL DAY<br>Chief, Asset Forfeiture and Money<br>Laundering Section<br><br>Jennifer E. Ambuehl<br>Trial Attorney<br>  -Of Counsel- |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | | 14 Cr. 460 (LGS) |
| - v. - | : | |
| BNP PARIBAS S.A., | : | |
| Defendant. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**GOVERNMENT'S MEMORANDUM IN SUPPORT OF
THE COURT'S SENTENCING OF BNP PARIBAS S.A.**

The Government writes in anticipation of the May 1, 2015 sentencing of BNP Paribas S.A. ("BNPP") for its conviction for conspiring to violate the International Emergency Economic Powers Act ("IEEPA") and the Trading with the Enemy Act ("TWEA"), in violation of Title 18, United States Code, Section 371.  The Government respectfully requests that the Court sentence BNPP in accordance with the plea agreement entered into between BNPP and the Government (D.E. 13) (the "Plea Agreement"), which this Court accepted on July 9, 2014, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C).  The sentence set forth in the Plea Agreement and accepted by the Court includes the entry of a Final Order of Forfeiture in the amount of $8,833,600,000, a fine in the amount of $140,000,000, and a five-year term of probation.

**Status of Proceedings**

A.   *The Plea Agreement*

On June 30, 2014, BNPP and the Government entered into the Plea Agreement, pursuant to which BNPP agreed to plead guilty to a one-count Information charging it with conspiracy to violate IEEPA and TWEA.  The Plea Agreement was entered into pursuant to Federal Rule of

1

Criminal Procedure 11(c)(1)(C), and accordingly specified an agreed-upon sentence which became binding when the Court accepted the Plea Agreement. *See* Fed. R. Crim. P. 11(c)(1)(C) ("the plea agreement may specify that an attorney for the government will . . . agree that a specific sentence . . . is the appropriate disposition of the case . . . (such a recommendation or request binds the court once the court accepts the plea agreement).").

In the Plea Agreement, the Government and BNPP agreed to a specified sentence with three principal components: (1) a forfeiture money judgment in the amount of $8,833,600,000, which represents the full amount that BNPP willfully and unlawfully moved through the U.S. financial system during the course of its criminal conspiracy; (2) a criminal fine of $140,000,000, which is twice the approximate value of BNPP's direct pecuniary gain for processing the illegal transactions at issue; and (3) a five-year term of probation in which BNPP will be subject to the applicable mandatory conditions of probation described in Title 18, United States Code, Section 3563(a)(1) and Section 8D1.3(a) of the United States Sentencing Guidelines, and will be required to enhance its compliance policies and procedures in accordance with BNPP's settlement agreements with the Board of Governors of the Federal Reserve System (the "Federal Reserve") and the New York State Department of Financial Services ("DFS"), and consent to the imposition of a monitor. (Plea Agreement at 4).

With regard to the forfeiture money judgment, the Plea Agreement specified that payments made by BNPP in connection with its concurrent settlement of the related criminal action brought by the New York County District Attorney's Office ("DANY"), and the related regulatory actions brought by the Federal Reserve and DFS, shall be credited against the money judgment of $8,833,600,000. (Plea Agreement at 1-2).

2

The parties further agreed that sentencing could be delayed pending a decision by the U.S. Department of Labor regarding BNPP's application to be allowed to continue to be qualified as a Qualified Professional Asset Manager upon its conviction (the "QPAM Application"). (*Id.* at 4-5).

B. *The Court's Acceptance of BNPP's Plea and the Plea Agreement*

On July 9, 2014, after receiving submissions from the parties and conducting a comprehensive plea proceeding, the Court accepted BNPP's plea of guilty and further accepted the terms of the Plea Agreement, including the agreed-upon sentence. (July 9, 2014 Tr. at 35). The Court found that the sentence set forth in the Plea Agreement is "appropriate and reasonable in light of the charged conduct in this case." (*Id.* at 33, 35). The Court explained that (a) the severity of BNPP's conduct warranted the criminal charge, (b) "the forfeiture amount [of $8,833,600,000] appropriately penalizes the conduct," "corresponds to the full amount of the criminal proceeds traceable to the conspiracy," and will "have a deterrent effect on others that may be tempted to engage in similar conduct, all of whom should be aware that no financial institution is immune from the rule of law"; (c) the fine of $140,000,000 is fair as it "represents double the amount of profit generated by the bank's unlawful actions" and is consistent with the public policies expressed in the U.S. criminal laws and the Sentencing Guidelines"; and (d) the "terms of the five-year probation are fair, particularly because they require the defendant to enhance its compliance policies and rules, which should help to ensure that any future unlawful conduct is prevented." (*Id.* at 33-35).

The Court also expressed its understanding of the need to delay BNPP's sentencing until the U.S. Department of Labor reached a decision on BNPP's QPAM Application and the Court has, on motion by BNPP, previously agreed to postpone sentencing. (*Id.* at 16-17).

3

C.   *Status of Related Proceedings*

On April 15, 2015, the U.S. Department of Labor issued a "Notice of Exemption Involving BNP Paribas, S.A.," which permitted BNPP to retain its QPAM status upon its conviction in either the New York County Supreme Court in connection with BNPP's related plea agreement (the "State Plea Agreement") with DANY or in this proceeding.

Also on April 15, 2015, BNPP was sentenced in New York County Supreme Court in connection with the State Plea Agreement. Pursuant to the State Plea Agreement, BNPP agreed to forfeit to DANY $2,243,400,000. However, pursuant to the State Plea Agreement, if this Court declines to sentence BNPP consistent with the terms of the Plea Agreement, as set forth above, BNPP can move to vacate its plea and sentence entered in the New York County Supreme Court.

In addition to the forfeiture of $2,243,400,000 to DANY, BNPP has represented to the Government that it has satisfied the financial obligations imposed upon it as a result of its concurrent settlements with the Federal Reserve and DFS by paying the Federal Reserve $508,000,000 and paying DFS $2,243,400,000. Pursuant to the Plea Agreement, these payments are to be credited against BNPP's total money judgment. In connection with BNPP's plea, BNPP transferred the remaining portion of the agreed-upon money judgment – $3,838,800,000 – to the Government pending the final forfeiture of that amount at sentencing.

**The Sentence To Be Imposed**

The Government respectfully requests that the Court sentence BNPP in accordance with the Plea Agreement accepted by the Court on July 9, 2014. As the Court found in accepting the Plea Agreement pursuant to Fed. R. Crim. P. 11(c)(1)(C) and (3)(A), the terms of the sentence set forth in the Plea Agreement will appropriately punish BNPP for its criminal conduct, provide

a powerful deterrent to financial institutions considering engaging in similar conduct, and "require the defendant to enhance its compliance policies and rules, which should help to ensure that any future unlawful conduct is prevented." (July 9, 2014 Tr. at 34-35). Accordingly, such a sentence would be reasonable, appropriate, and in the public's interest.

Dated: New York, New York
       April 24, 2015

                              Respectfully submitted,

PREET BHARARA                                LESLIE CALDWELL
United States Attorney                       Assistant Attorney General
                                             Criminal Division

                                             M. KENDALL DAY
                                             Chief, Asset Forfeiture and Money
                                             Laundering Section

By: _____/s/_____            By: _____/s/_____
Andrew D. Goldstein                          Jennifer E. Ambuehl
Martin S. Bell                               Trial Attorney
Christine I. Magdo                           Asset Forfeiture and Money Laundering
Micah W. J. Smith                            Section, Criminal Division
Assistant United States Attorneys            (202) 307-3066
(212) 637-1559

5