```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
UNITED STATES OF AMERICA,                                     :
                                                              :
                                                              :       14 Cr. 460 (LGS)
                 -against-                                    :
                                                              :           ORDER
BNP PARIBAS S.A.,                                             :
                                             Defendant.       :
                                                              :
------------------------------------------------------------- X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/30/15

LORNA G. SCHOFIELD, District Judge:

WHEREAS, Third-Party Petitioner Marilyn Wiederspan ("Petitioner") filed a Notice of Lien on January 29, 2015, and an Amended Notice of Lien on February 27, 2015 (the "Petition");

WHEREAS, on March 20, 2015, the Government moved to dismiss the Petition;

WHEREAS, on April 29, 2015, Petitioner filed a motion for restitution pursuant to 18 U.S.C. 3663A, which provides for mandatory restitution to "victims" who are "directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered";

WHEREAS, pursuant to 18 U.S.C.§3664(e), "Any dispute as to the proper amount or type of restitution shall be resolved by the court by the preponderance of the evidence," and "[t]he burden of demonstrating the amount of the loss sustained by a victim as a result of the offense shall be on the attorney for the Government";

WHEREAS, by Opinion and Order dated April 30, 2015, the Government's motion to dismiss the Petition was granted and the Petition was dismissed with prejudice; it is hereby

**ORDERED** that Petitioner's motion for restitution is DENIED. Even assuming the various procedural requirements for mandating restitution had been met, *see generally* 18 U.S.C.

§ 3664, and BNPP's criminal conduct was of the type "for which restitution may be ordered," 18 U.S.C. § 3663A(a)(2), it cannot be shown by a preponderance of the evidence that Petitioner is a "victim" who was "directly and proximately harmed" by BNPP's criminal conduct.  Petitioner's conclusory speculation that she could have collected her judgment against the Republic of Cuba if BNPP had blocked the funds it transferred to and from Cuba as required by the U.S. sanctions regime is insufficient to show that BNPP's offense "directly and proximately harmed" Petitioner. *See, e.g.*, *United States v. Reifler*, 446 F.3d 65, 135 (2d Cir. 2006) ("the district court cannot properly order restitution under the [Mandatory Victims Restitution Act] unless the victim's harm resulted from the offense of conviction").

The Clerk of Court is directed to close the motion at Dkt. No. 50.

SO ORDERED

Dated: April 30, 2015
       New York, New York

_____
         LORNA G. SCHOFIELD
       UNITED STATES DISTRICT JUDGE

2